UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE VUKOVICH,              )        CASE NO. 5:19-cv-2813
                                  )
            PLAINTIFF,       )        JUDGE SARA LIOI
                                  )
                                  )        MEMORANDUM OPINION AND
                                  )        ORDER
vs.                             )
                                  )
UNITED STATES OF AMERICA, *et al*,   )
                                  )
            DEFENDANTS.     )

*Pro se* plaintiff, George Vukovich, filed this action under 42 U.S.C. § 1983 against defendants, United States of America, the State of Ohio, and Summit County, Ohio. In the complaint, plaintiff offers general grievances about the manner in which the Ohio courts handled his domestic relations case from 1999 to 2004. He asks this Court to make 33 declarations and award him twenty-five million dollars in damages. (Doc. No. 1 (Complaint ["Compl."]).)

## I.    BACKGROUND

Plaintiff contends that the State of Ohio and Summit County condoned and promoted multiple acts of conspiracy to commit fraud on the court. According to plaintiff, the Summit County court issued *ex parte* orders based on fraudulent representations in the form of motions and affidavits without notice to him and without a hearing. He claims he was hindered in presenting his side of the case, and that in the process, the Summit County courts violated multiple laws and rules of civil procedure. He posits further that defendants violated 18 U.S.C. §§ 241 and 242, and

denied him access to the Supreme Court of Ohio. He indicates that he can no longer live in a country in a lawful capacity because the federal courts have previously ruled this to be a state issue. He asks this Court to make multiple declarations including that his due process rights were violated by the domestic relations court's judgment, and that any judgments entered against him are void. He also challenges the state court's *ex parte* decisions as a denial of due process. He seeks monetary damages. (*See generally* Compl.)

The factual allegations in the complaint are limited to the details regarding the disposition of the state court domestic relations actions. Plaintiff and his former girlfriend, Ms. Hutzler, are parents of a daughter born April 21, 1995. They separated in December 1997 but shared custody informally until August 1999. Plaintiff filed a complaint for custody in the Summit County Juvenile Court on September 8, 1999. The matter was transferred to the domestic relations division on a later date. That began a long and acrimonious custody battle that extended into 2004. During that time, both parties sought sole custody and attempted to limit the other's contact with the child to supervised visitations. There were numerous motions for findings of contempt on visitation issues, including several *ex parte* motions by Hutzler in July and August 2002 claiming plaintiff was refusing to return their daughter. She also filed a domestic violence petition in August 2002 claiming plaintiff had attacked her. Although there was speculation that Hutzler staged the incident, the court granted Hutzler full custody of the child and reduced plaintiff's contact with his child. Plaintiff filed numerous appeals but did not obtain a favorable result. (*See generally* Compl.)

This lawsuit does not mark the first time plaintiff has sought to relitigate the state court proceedings in federal court. In fact, plaintiff filed two prior cases in this Court to contest the domestic relations court proceedings. *See Vukovich v. Summit Cty Ct. Comm. Pl. Dom. Rel. Div.,*

2

No. 5:03-cv-1182 (N.D. Ohio June 16, 2003) (Polster, J.); *Vukovich v. Summit Cty Execs.*, No. 5:04-cv-1402 (N.D. Ohio Aug. 4, 2004) (Adams, J.). In both of these prior actions, plaintiff claimed various Summit County officials violated 18 U.S.C. §§ 241 and 242, and denied him due process and equal protection under 42 U.S.C. § 1983 by granting the *ex parte* orders. He sought relief from those judgments, and monetary damages. This Court dismissed both actions, *sua sponte*, in 2003 and 2004, respectively. (*See* Case No. 5:03-cv-1182, Doc. No. 5 (Memorandum Opinion); Doc. No. 6 (Judgment); Case No. 5:04-cv-1402, Doc. No. 3 (Memorandum Opinion); Doc. No. 4 (Judgment).)

Plaintiff has now filed this case sixteen years later appearing to contest the same domestic relations proceedings. He again asserts claims under 18 U.S.C. §§ 241 and 242, and contends he was denied due process and equal protection under 42 U.S.C. § 1983.

Summit County and the United States have each filed motions to dismiss (Doc. Nos. 8 and 11). This Court need not address the motions, however, as plaintiff's complaint contains several fatal flaws on its face which require dismissal of this action.

## II. STANDARD OF REVIEW

This Court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827,

104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Plaintiff has the burden of proving subject matter jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

### III. DISCUSSION

First, the events upon which plaintiff based his claims took place sixteen years ago from 1999 to 2004, during his child custody case. He raises constitutional challenges to those proceedings through 42 U.S.C. § 1983. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The statute of limitations for bringing a civil rights action expired fourteen years ago and these claims are now time-barred.

Second, as set forth above, plaintiff has already filed two cases in this Court challenging his domestic relations proceedings by asserting these same claims. Both cases challenged the *ex parte* proceedings as a denial of due process and equal protection under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242. Both cases were addressed on the merits and dismissed.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).  It bars re-litigation of every issue actually brought before the court and every

issue or defense that should have been raised in the previous action. *Id*. at 660-61. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).  A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff cannot raise these same claims and issues for a third time.

Third, this Court lacks jurisdiction to review a state court judgment. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id*. Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with

the United States Supreme Court. *See Kovacic v. Cuyahoga County Dep't of Children and Family Services*,  606 F.3d 301, 308-11 (6th Cir. 2010). The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp*., 544 U.S. at 283-84; *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp*., 544 U.S. at 293; *Berry*, 688 F.3d at 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d at 299. Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Id.* at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker–Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the court should also consider the plaintiff's requested relief. *See Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011).

In this case, the source of plaintiff's alleged injury is the state court rulings in his domestic relations child custody case. He asks this Court to declare that those decisions occurred without providing him with due process. (Compl. at 17-18). He further asks this Court to declare that all judgments entered without due process are void. (*Id.* at 16). This Court lacks subject matter jurisdiction to make those determinations.

Furthermore, both the United States and the State of Ohio possess certain immunities from suit in state and federal courts. *See Alden v. Maine*, 527 U.S. 706, 713, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999). For the federal government, that immunity flows not from any one provision in the United States Constitution but "is derived by implication" from the nature of sovereignty itself. *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U.S. 381, 388, 59 S. Ct. 516, 83 L. Ed. 784 (1939)*; see also Monaco v. Mississippi*, 292 U.S. 313, 321, 54 S. Ct. 745, 78 L. Ed. 1282 (1934). For the states, that immunity flows from the nature of sovereignty itself as well as the Eleventh Amendment to the United States Constitution. *Alden*, 527 U.S. at 713. There are narrow exceptions to Eleventh Amendment sovereign immunity; however, none are applicable here. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). Similarly, the United States may be sued only with its consent, and the terms of that consent define the parameters of this Court's jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976); *Honda v. Clark*, 386 U.S. 484, 501, 87 S. Ct. 1188, 18 L. Ed. 2d 244 (1967). The United States has not consented to suit in a civil rights action. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Both the United States and the State of Ohio are immune from suit in this case.

Finally, Summit County cannot be held liable for the actions or decisions of one of its judges. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 only for their own actions, not for the actions of individual officers or employees. To hold Summit County liable, plaintiff must allege that Summit County itself "caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 , 98 S. Ct. 2018, 56 L. Ed. 611 (1978)). Plaintiff objects to the manner in which his domestic relations case was handled.  He does not allege any facts suggesting a policy or ordinance of Summit County was the basis for those decisions to which he objects. He cannot state a claim against Summit County.

## IV.    CONCLUSION

For all the foregoing reasons, this action is DISMISSED. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: April 21, 2020                                    _____
                                                     **HONORABLE SARA LIOI**
                                                     **UNITED STATES DISTRICT JUDGE**